IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
FRANCIS A. GRANDINETTI,        )    CIV. NO. 13-00189 HG/BMK
#A0185087,                     )
                               )
          Petitioner,          )    DISMISSAL ORDER
                               )
     vs.                       )
                               )
JESSIE MACADAMIA, et al.,      )
                               )
          Respondents.         )
_____)
```

## DISMISSAL ORDER

       Petitioner Francis A. Grandinetti, who is confined in the Saguaro Correctional Center ("SCC"), has filed another Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.  Petitioner appears to challenge parole proceedings that were scheduled to take place four days *after* he completed and signed this Petition.

       The Petition is largely incoherent.  Petitioner alleges that the Hawaii Paroling Authority ("HPA") failed to correctly process notices of his parole hearings or investigate his state convictions in criminal numbers 88-CR-2074 and 93-CR-0141. Petitioner attaches numerous HPA notices, grievances, and his own letters.  These exhibits clearly show that he received numerous HPA notices of hearings, and for various reasons he declined to attend.  Because the most recent hearing was scheduled to take place after he filed this action, its outcome is unclear.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 states that a district judge "must dismiss" a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Summary dismissal is appropriate when the petition is "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)).

The Petition is patently frivolous and must be dismissed. *See Mayle v. Felix*, 545 U.S. 644, 669-70 (2005) ("the purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer"). First, to the extent Petitioner complains about an April 19, 2013, parole proceeding, the Petition is premature because it was signed and mailed *before* that date. Moreover, Petitioner's exhibits make clear that he received notice of his earlier parole hearings and refused to attend them.

Second, Petitioner has no "right to be conditionally released before the expiration of a valid sentence" under federal law, *see Swarthout v. Cooke*, 562 U.S. ----, 131 S. Ct. 859, 862 (2011) (*per curiam*); *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979), and Hawaii's parole statute does not create a liberty interest in parole. *See, e.g.*, *Mujahid v. Apao*, 795 F. Supp.

1020, 1024 (D. Haw. 1992) ("[A] proper application of Greenholtz requires the court to conclude that the Hawaii parole statute does not create a liberty interest protected by the Due Process Clause."). If he complains that he has been denied parole, that claim is foreclosed.

Finally, the court dismissed as time-barred an earlier habeas petition by Petitioner, *see* Civ. No. 05-00254 DAE, and the Ninth Circuit Court of Appeals denied a certificate of appealability. If Petitioner is challenging his 1988 and/or 1993 convictions, rather than the outright denial of parole or perceived infirmities in the parole process, this Petition may be second or successive, and Petitioner may need permission from the Ninth Circuit to file it. *See* 28 U.S.C. § 2244(b); *Cooper v. Calderon*, 274 F.3d 1270, 1273-74 (9th Cir. 2001). Petitioner provides no evidence that he sought or received such permission, or that the present matter could not have been included in the earlier case or involves a separate conviction.

To the extent Petitioner seeks a certificate of appealability or *in forma pauperis* status, they are DENIED and
//
//
//

the Petition is DISMISSED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, April 29, 2013.



                                                /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Grandinetti v. Macadamia, et al.*, 1:13-cv-00189 HG/RLP;
G:\docs\kelly\Orders\Denise\13cv189.Grandinetti v. Macadamia.dsm friv no lv amd.wpd